RALPH B. WATTLEY, JOSEPHINE R. WATTLEY, EDYTH I. SEYMOUR and ALFRED R. LIMANTI, Stockholders in NATIONAL DRUG STORES CORPORATION, on Behalf of Themselves and All Other Stockholders Similarly Situated and on Behalf of the Said NATIONAL DRUG STORES CORPORATION, Plaintiffs, *v.* NATIONAL DRUG STORES CORPORATION, LOUIS K. LIGGETT COMPANY et al., Defendants.

Supreme Court, New York Special Term, February, 1924.

Corporations — sale of real estate without consent of stockholders — chain of retail stores — when corporation will not be enjoined from selling one of its stores — Corporation Law of Delaware, § 64-a — Stock Corporation Law, § 20.

The defendant, a Delaware corporation, was incorporated for the purpose of operating a chain of retail stores and operates a considerable number of them. Its certificate of incorporation distinctly authorizes it to " take, buy, purchase, exchange, hire, lease or otherwise acquire, * * * sell, assign, transfer, lease, sublease, mortgage or otherwise encumber or dispose of real estate and property, either improved or unimproved, and every right and interest therein of every sort and description." *Held*, that a sale by the directors of defendant of one of its stores was in the ordinary course of business and was not prohibited by section 64-a of the Corporation Law of Delaware, but was clearly *intra vires*, and a motion for an injunction *pendente lite* in an action by stockholders suing in a representative capacity to restrain the corporation and its directors from carrying out the sale will be denied.

In the absence of an interpretation of the Delaware statute by the courts of that state the analogous provision of the statute of New York (Stock Corp. Law, §.20) may be taken as a guide.

MOTION for temporary injunction.

*Konta, Kirchwey & Michael* (*Jerome Michael,* of counsel), for motion.

*Rothwell, Harper & Matthews* (*Vincent H. Rothwell* and *George W. Hinckley,* of counsel), opposed.

WAGNER, J. The plaintiffs seek an injunction in an action brought by them as stockholders in a representative capacity of the National Drug Stores Corporation, restraining said company and its directors from carrying out intended action on their part to sell one of the stores of that corporation located at the Knickerbocker Building, Forty-second street and Broadway, New York city, to the Liggett Company, on the ground that the said sale could not be consummated without the consent of its stockholders

and in violation of the requirement of both its certificate of incorporation and the laws of Delaware, the parent state. Section 64-a of the Corporation Law of that state provides for the sale of the assets and franchises of a corporation when and as authorized by the affirmative vote of the holders of a majority of the stock issued and outstanding, or when authorized by the written consent of the majority thereof. The addendum provision allows the company to require in its certificate for said action the vote or written consent of a larger proportion of the stockholders. The company in its certificate, taking advantage of the above-mentioned permission, included in its certificate of incorporation the requirement that such sale could not be effected without the consent of a two-thirds majority of the stockholders; and the claim is here made that the intended sale, not supported by the requisite consent as above indicated, is illegal and *ultra vires* the corporation and subject to restraint under the equitable powers of this court. The ordinary rule at common law, in the absence of a statute permitting the sale of the entire assets of a corporation, that no corporation, against the protest of a stockholder, may transfer all its property and assets, with the result that a transferee practically takes its place and carries on its business, is well known. There is a doctrine, evidenced by contrary authorities in some other states, entitled to much respect, but the attitude of the courts in this state has consistently been opposed to such action, under the theory that it constituted a breach of the contract which every corporation has in contemplation of law with its stockholders, and, therefore, is without warrant or authority to bind those real persons constituting the fictional entity. The above statute of Delaware, similarly to section 20 of the Stock Corporation Law of this state, has tempered the common-law rule, and under the circumstances there noted the legislature has endowed corporations with power in this respect on compliance with said requirements. Whether or not the alleged contemplated action on the part of the defendant company falls within the provisions of the statute as amplified by the certificate of incorporation is the question here presented and determinative of plaintiffs' right. Since the statute has not received interpretation in Delaware, were precedent necessary in the matter of its construction, the interpretation of the analogous provision of the New York Stock Corporation Law may act as a guide. The plaintiffs rely mainly on *Matter of Timmis*, 200 N. Y. 177, which under totally different facts construed the similar provision of our law. There the case involved the disposition by the corporation, engaged in the lithographing business, of its entire calendar department, together with good will, assets and property thereof, the court

holding that this was a partial act of self-destruction and dissolution of the corporation contrary to law in that it did not involve ordinary sales by a corporation nor even extraordinary ones in size, though in its regular line of business, to which the statute concededly did not apply. One of the distinctive features in that case, it seems to me, was the court's observation that such sale prevented the company from ever engaging in that kind of business again, preventing it in the future from ever exercising its franchise in the manufacture and sale of calendars, causing the company, therefore, to part permanently with one of its powers and rights to carry on a special line of business. Under those circumstances clearly the sale was not within the regular line of business, proven further by the conceded fact that the sale was a business necessity. It has no controlling effect on the case at bar. The defendant here involved was incorporated for the purpose of operating a chain of retail stores; it does operate stores of considerable number; its certificate distinctly authorizes it to " take, buy, purchase, exchange, hire, lease or otherwise acquire, * * * sell, assign, transfer, lease, sub-lease, mortgage or otherwise encumber or dispose of real estate and property, either improved or unimproved and every right and interest therein of every sort and description." Both the authorization of purposes enumerated in the certificate, together with common practice of corporations of this character, compel a holding that the sale of the store in question is in the ordinary course of business and not one prohibited by the statute. I allude to the common practice as a partial criterion of authorization for the reason that our experience shows that direct proceedings by a quo warranto against such sales have never been instituted by the state, throwing implied countenance on such practice; but we need go no further than the specified powers contained in the certificate which undoubtedly authorized such sale. It is but an incident of the general transaction of business, discretionary powers to which vest in the governing board of the corporation, the exercise of which by the directors is beyond power of complaint in instances as appear in this action. Indeed, a holding otherwise would compel a corporation of this character to conduct and maintain through its corporate life a store running at a partial loss, to the injury and, perhaps, financial destruction of the company, dependent on its size and the financial returns of its multiple parts. The action of the directors is clearly *intra vires*, and no equity appears in the complainants for the exercise of injunctive relief *pendente lite*. The motion is, therefore, denied.

Ordered accordingly.